# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **NO. 4:26-cr-00021-ALM-BD-3** |
| | § | |
| **MARIO MARES, JR.** | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Mario Mares, Jr., moved to reopen the question of his pretrial detention and requests release on conditions. Dkt. 47; *see* Dkt. 49 (response). The motion will be denied.

## BACKGROUND

Mares was arrested on a two-count indictment alleging violations of 18 U.S.C. § 932(b)(1) and (2) (straw purchasing of firearms) and 18 U.S.C. § 922(o) (possession of a machinegun). Dkts. 14, 31. The government moved to detain him at his initial appearance. Docket Entry for Feb. 24, 2026. He waived his right to a detention hearing and "agree[d] to be held in custody pending disposition of this matter." Dkt. 26; *see* Dkt. 27 (detention order).

Mares now seeks to reopen the question of his pretrial detention, stating that he "chose not to challenge" the government's detention motion "because of potential holds issued by the State of Texas." Dkt. 47 at 1. He claims to have "additional information that was not known or not available" (the motion does not say which) "at the time of the initial detention hearing." *Id.* Under the heading "NEW INFORMATION," Mares tells the court only that he "originally waived Detention under advice of Counsel . . . [and] now wishes to request release." *Id.* The motion neither mentions the legal standard that applies to requests to reopen the question of pretrial detention nor describes or attaches any evidence in support of Mares's request. The government filed a response in opposition to the motion, discussing the legal standard and arguing that Mares had not satisfied it. Dkt. 49. Mares did not file a reply.

## LAW

The court may reopen a detention hearing if it "finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing" on "whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). If the movant's evidence is not newly discovered, was not previously unavailable, or is not material, the court should deny the motion to reopen the question of detention. *See United States v. Stanford*, 341 F. App'x 979, 984 (5th Cir. 2009) ("*Stanford I*"); *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989).

Neither obtaining new counsel nor thinking of a better argument against detention qualifies as "new information within the meaning of § 3142(f)." *United States v. Cisneros-Monje*, No. 1:20-cr-00159-JLT-SKO, 2022 WL 2757400, at *1 n.1 (E.D. Cal. July 14, 2022). "Courts interpreting . . . § 3142(f) require 'truly changed circumstances, something unexpected, or a significant event,' and [they] have interpreted the requirements of this provision strictly," such that a "defendant cannot re-open detention to present evidence that he could have investigated before the detention hearing." *United States v. Jacob*, No. 21-31, 2023 WL 2867324, at *5 (E.D. La. Apr. 10, 2023) (citations omitted). Section "3142(f)'s 'not known to the movant at the time of the hearing' language [means] not just actual knowledge, but also constructive knowledge, i.e., knowledge that one using reasonable care or diligence should have." *United States v. Munguia*, No. 3:19-cr-191-B (03), 2020 WL 1471741, at *3 (N.D. Tex. Mar. 26, 2020) (quotation marks omitted). The existence of friends or family members willing to testify in support of a defendant's release does not constitute new information within the meaning of the statute, *see, e.g.*, *United States v. Stanford*, 367 F. App'x 507, 510–11 (5th Cir. 2010) ("*Stanford II*"); *Stanford I*, 341 F. App'x at 984; *United States v. Bennett*, No. 94–6590, 1995 WL 25412, at *1 (6th Cir. 1995); *United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991); *Hare*, 873 F.2d at 799, and a party cannot be "less than diligent in bringing forth all material evidence the first time a [detention] hearing is held," *United States v.*

2

*Flores*, 856 F. Supp. 1400, 1406 (E.D. Cal. 1994). "[C]onclusory allegations that information is newly discovered do not suffice; a party seeking to reopen detention must show how the evidence was discovered and why it was previously unavailable." *United States v. Morris*, 452 F. Supp. 3d 484, 487 (N.D. Tex. 2020) (Ramirez, J.).

As to whether evidence has "material bearing," 18 U.S.C. § 3142(f)(2), the new evidence "must relate in some significant or essential way to the decision whether to detain." *United States v. Worrell*, No. 1:21-cr-00292-RCL, 2021 WL 2366934, at *9 (D.D.C. June 9, 2021) (emphasis removed) (citing *United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003)). "[T]he purpose of [18 U.S.C. § 3142(f)(2)] . . . is to allow parties to present unknown information that increases the chances the defendant appears for [his or her] criminal hearing[] or decrease[s] the danger the defendant poses to an individual or the community as a whole." *United States v. Martin*, No. 13-00466 JSW (KAW), 2015 WL 1738362, at *2 (N.D. Cal. Apr. 13, 2015). For that reason, a successful motion to reopen the question of detention must show that the new or previously unknown evidence on which the motion is based establishes that the movant is "less likely to be a flight risk or a danger to any person or the community." *United States v. James*, No. 23-50044, 2023 WL 3300973, at *1 (5th Cir. May 8, 2023).

## DISCUSSION

After accurately stating the applicable legal standard, the government notes that Mares's motion "proffers no evidence that is new or that was not known at the time of the original detention hearing," adding that, although

> Mares insinuates that he had potential State holds at the time he waived detention[,] [a]ny hold that existed or did not exist at the time of Mares' waiver could have been investigated at the time of the waiver. So, it is not new. And, in any event, counsel for the Government is not aware of any holds that exist now or that did exist at the time of waiver.

> Moreover, such conclusory, general assertions fail to state with any specificity what new information, if any, exists that would have "a material bearing on the issue [of] whether there are conditions of release that will reasonably assure the appearance

3

of such person as required and the safety of any other person and the community."
18 U.S.C. § 3142(f)(2).

\* \* \*

Mares changing his mind—which is the only "new" thing alleged in the motion—
does not change the analysis under 3142(f)(2) and (g). None of the general
assertions that Mares states in the motion would touch on any factor under
§ 3142(g).

Dkt. 49 at 4–5.

The government is correct.

## CONCLUSION

It is **ORDERED** that Mares's motion to reopen the question of pretrial detention, Dkt. 47, is

**DENIED**.

So **ORDERED** and **SIGNED** this 29th day of April, 2026.

_____
Bill Davis
United States Magistrate Judge

4